ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 0 5 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:09-CR-486 |
| GUILLERMO MARTINEZ | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE
### Theft of Trade Secrets
### (18 U.S.C. § 1832)

1. Beginning in or about May 2008 and continuing until in or about July 2008, in the Northern District of Georgia and elsewhere, the defendant, GUILLERMO MARTINEZ, with the intent to convert trade secrets that are related to or included in products that are produced for or placed in interstate and foreign commerce, to the economic benefit of anyone other than the owner of the trade secrets, and knowing and intending that the offense would injure any owner of the trade secrets, knowingly did steal and without authorization appropriate, take, carry away and conceal, and by fraud, artifice, and deception obtain such information, in violation of Title 18, United States Code, Section 1832(a)(1).

### BACKGROUND

At all times relevant to this criminal information:

2. The Home Depot ("the Company") is a publicly-traded corporation whose business focuses on home improvement. The

Company's corporate headquarters is located in Atlanta, Georgia, within the Northern District of Georgia. The Company sells and distributes its products in interstate and foreign commerce.

3. As a part of its normal business operation, the Company creates and maintains certain business plans and other information that is valuable to the Company and is related to the distribution and sale of its products, such as marketing, merchandising, product, vendor, customer, or store planning data or information.

4. The Company maintains the above-described information as confidential, and takes reasonable measures to protect and keep secret its proprietary information (trade secrets) until it decides to publicize such information. Some of the protective measures include, among others, physical security of the premises, limiting access to the trade secrets only to those who need it to perform their employment duties, implementing data security policies, and classifying and labeling as confidential and proprietary certain documents and other Company information.

5. Said confidential information derive independent economic value, both actual and potential, from not being generally known to the public.

6. In addition to the above-described security measures, the Company requires employees to sign a confidentiality agreement as a condition of employment. The confidentiality agreement includes an obligation to safeguard the Company's non-public information and

a prohibition against copying or using the Company's confidential information without the Company's express permission.

7. During the relevant time period, defendant GUILLERMO MARTINEZ was employed at the Company's headquarters as a Senior Manager, Product Engineering. Among other things, defendant MARTINEZ was responsible for assisting the Company's vendors in getting ready to sell its products to the Company.

8. As a Senior Manager, defendant GUILLERMO MARTINEZ had access to the Company's confidential information and other trade secrets, including pricing and profitability spread sheets and documents relating to product line reviews.

9. During the course of his employment with the Company, defendant MARTINEZ had executed a confidentiality agreement as a condition of his employment.

### Theft of Trade Secrets

10. In or about January 2008, defendant MARTINEZ was assisting a potential vendor of the Company, located in Atlanta, Georgia, within the Northern District of Georgia, in getting the vendor ready to sell its products to the Company. At the same time, defendant MARTINEZ talked with the vendor about the possibility of coming to work for the vendor, and expressed his dissatisfaction with his position at the Company.

11. In or about May 2008, the vendor was invited by the Company to participate in a product line review. A product line

review involves potential vendors making presentations of their products, their packaging, and their marketing ideas. It also involves the submission of the potential vendors' prices. The Company makes its buying decisions for a particular product line based on the product line review presentations of its various vendors.

12. From in or about May 2008 and continuing until in or about July 2008, defendant MARTINEZ began supervising the vendor's line review presentation as if he were a high-level employee of the vendor. During this same time, defendant MARTINEZ was negotiating an employment agreement with the vendor.

13. From in or about May 2008 and continuing until in or about July 2008, defendant GUILLERMO MARTINEZ, in an effort to have the vendor gain an advantage over its competitors during the product line review, provided the vendor with trade secrets belonging to the Company, namely, confidential and proprietary pricing information, including the price that the Company was paying the vendor's competitors for the products that the vendor wanted to sell to the Company; a document titled "Wire Devices: RFP Summary," marked at the bottom as "Proprietary & Confidential to The Home Depot," which contained a summary of the vendor's line review competitor's price quotes; and, a binder containing the line review presentation submitted to the Company by a competitor of the

vendor, all in violation of Title 18, United States Code, Section 1832(a)(1).

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

*/s/ Glenn D. Baker*

GLENN D. BAKER
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6264
Georgia Bar No. 033450